```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-60646-CIV-COHN
                         MAGISTRATE JUDGE P. A. WHITE
MARLIN DOUGLAS DAVIS,        :

       Petitioner,           :

v.                           :       REPORT OF
                                     MAGISTRATE JUDGE
STATE OF FLORIDA,            :

       Respondent.           :
_____
```

Marlin Douglas Davis, has filed a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction entered after a jury trial in case no. 07-22874 CF, in Broward County, Florida. The petitioner was sentenced on October 21, 2008, to two years of incarceration for possession of Oxycodone. The plaintiff has paid the filing fee.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

No order to show cause was issued in this case because the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2254.

Davis acknowledges in his petition for writ of habeas corpus that he is no longer incarcerated and is now in a West Broward Care

Center. This statement is supported by research at the Florida Department of Corrections website, which reveals that the petitioner was released from DOC custody on April 1, 2010. The website does not indicate any type of further supervision as part of his sentence.

Because Davis is no longer "in custody" on the expired state sentence, he cannot bring a federal habeas corpus action solely attacking the expired sentence. See: Means v. Alabama, 209 F.3d 1241 (11 Cir. 2000).

This court is therefore without subject matter jurisdiction to entertain this petition. In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that 28 U.S.C. §2254 may not be used to collaterally attack an expired prior sentence even if it was used to enhance the sentence  a petitioner is currently serving, so long as the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully.  See also, Daniels v. United States, 121 S.Ct. 1578 (2001).

The only exception to the Lackawanna rule occurs if the conviction was obtained in violation of the defendant's right to counsel, as recognized in Gideon v. Wainwright, 372 U.S. 335 (1965). Here, however, Davis refers to his defense counsel who represented him at trial.

2

Since the sentence for the convictions at issue in this case has expired and is no longer open to direct or collateral attack, no jurisdiction exists under §2254 to entertain a challenge to those convictions. <u>Lackawanna</u>, <u>supra</u>.

For the foregoing reasons, it is recommended that this petition for §2254 relief be dismissed for lack of subject matter jurisdiction.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. If the petitioner is serving a supervised release portion of his sentence he may state this in his objections.

Dated this day of 7th May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Marlin Douglas Davis, <u>Pro Se</u>
     West Broward Care Center
     7751 W Broward Blvd
     Plantation, FL 33324