UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60646-CIV-COHN/WHITE

MARLIN DOUGLAS DAVIS,

    Petitioner,

vs.

STATE OF FLORIDA,

    Respondent.
_____/

### ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report of Magistrate Judge regarding Marlin Douglas Davis's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 submitted by United States Magistrate Judge Patrick A. White [DE 6].[1] Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition [DE 1], the Report of Magistrate Judge [DE 6], Petitioner's Objections [DE 7] and is otherwise advised in the premises.

Judge White determined that "the files and records of the case conclusively show that the prisoner is entitled to no relief." DE 6 at 1. This result is based on the fact that Petitioner is not longer "in custody." Judge White explains as follows:

> Davis acknowledges in his petition for writ of habeas corpus that he is no longer incarcerated and is now in a West Broward Care Center. This statement is supported by research at the Florida Department of Corrections website, which reveals that the petitioner was released from

---

[1] Two Reports of Magistrate Judge were filed. The Reports appear to be identical and, without question, both reach the same conclusion based on the same reasoning. Compare DE 5 with DE 6. Therefore, the Court will refer only to the later-filed report.

> DOC custody on April 1, 2010. The website does not indicate any type of further supervision as part of his sentence.

Id. at 1-2. Therefore, Judge White concluded that this Court is "without subject matter jurisdiction to entertain this petition." Id. at 2.

Petitioner's Objections do not challenge this finding. Instead, Petitioner attempts to circumvent this procedural bar by raising two arguments; both of which miss the mark.

First, Petitioner argues that he was unable to file his habeas petition while still "in custody" due to the length of the state appellate process. See DE 7 at 1-2. Petitioner further argues that his counsel advised him that the appellate process would take four to eight months when, in fact, the process took over fourteen months. The length of the state appellate process is not an exception to the "in custody" requirement. Moreover, counsel's mistaken advice regarding the anticipated time of Petitioner's appeal does not establish a claim for ineffective assistance of counsel, much less a complete deprivation of counsel.

Second, Petitioner argues that he is "not challenging the expired sentence, [he is] challenging the conviction." DE 7 at 3. The law is clear that "[a] petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired." Van Zant v. Florida Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997). "[A] petitioner may challenge an expired conviction only if, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction." Id. Such circumstances are not present here. Therefore, the Petition must be denied. Accordingly, it is hereby

2

**ORDERED AND ADJUDGED** as follows:

1. The Report of United States Magistrate Judge Patrick A. White [DE 6] is **ADOPTED**.

2. Mr. Davis's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED with prejudice**.

3. All pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of August, 2010.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF